**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-00331 VAP (AGRx)                    Date:  February 25, 2011

Title:   FEDERAL HOME LOAN MORTGAGE CORPORATION -v- SALVADOR SALAZAR, AN INDIVIDUAL, OLGA YANIRA VALENCIA, AN INDIVIDUAL
===============================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                                    None Present
        Courtroom Deputy                                 Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

        None                                     None

PROCEEDINGS:     MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

     On February 16, 2011, Plaintiff Federal Home Loan Mortgage Corp. ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Salvador Salazar and Olga Yanira Valencia ("Defendants") in the Superior Court of California, County of Riverside.  (Not. of Removal at 6.)  On February 24, 2011, Defendants removed the action on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (See Not. of Removal at 2.)

     Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth

MINUTES FORM 11                                  Initials of Deputy Clerk ___md____
CIVIL -- GEN                      Page 1

EDCV 11-00331 VAP (AGRx)
FEDERAL HOME LOAN MORTGAGE CORPORATION v. SALVADOR SALAZAR, AN INDIVIDUAL, OLGA YANIRA VALENCIA, AN INDIVIDUAL
MINUTE ORDER of February 25, 2011

Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

     Defendants allege the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "arise under" of federal law.  (See Not. of Removal at 2.)  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendants have not shown the Court's jurisdiction based on federal question under 28 U.S.C. § 1331.

     Defendants have not met their burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California for the County of Riverside.

     **IT IS SO ORDERED.**